# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Ivan J. Grimm,<br><br>    Plaintiff,<br><br>v.<br><br>Best Buy Co., Inc.,<br><br>    Defendant. | Case No. 16-cv-1258 (DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Defendant Best Buy Co., Inc.'s Motion to Dismiss for Failure to State a Claim or, in the Alternative, for a More Definite Statement [Doc. No. 15]; and Plaintiff Ivan J. Grimm's Motion to Defer Dispositive Judgment [Doc. No. 29], Motion to Disclose Authorization of Surveillance [Doc. No. 37], and Motion to Toll EEOC Statute of Limitations [Doc. No. 47]. The motions were referred to this Court by the Honorable Donovan W. Frank in an Order of Reference dated October 5, 2016 [Doc. No. 21]. For the reasons set forth below, the Court recommends that Defendant's motion to dismiss be granted, Defendant's motion for a more definite statement be denied as moot, and Plaintiff's motions be denied.

**I. Defendant's Motion to Dismiss or for a More Definite Statement**

  Plaintiff Ivan J. Grimm, proceeding pro se, commenced this action against Defendant Best Buy, Inc., on May 12, 2016. (Compl. [Doc. No. 1].) Plaintiff filed an Amended Complaint on September 20, 2016. (Am. Compl. [Doc. No. 14].)

### A. Claims and Allegations in the Amended Complaint

Plaintiff alleges that Defendant violated the whistleblower provisions of 18 U.S.C. § 1514A ("Sarbanes-Oxley claim") and 15 U.S.C. § 78u-6 ("Dodd-Frank claim"). (Am. Compl. ¶ 4.) Plaintiff claims that Defendant retaliated against him due to his "role as a direct witness and whistleblower of felony violations of Federal laws." (Am. Compl. ¶ 4.) Plaintiff also mentions age discrimination in his Amended Complaint, though he does not actually bring a claim under the Age Discrimination in Employment Act ("ADEA").

Plaintiff allegedly worked most recently for Target Corporation "as a Data Scientist specializing in the field of Big Data."[1] (Am. Compl. ¶ 8.6.) Prior to that, he allegedly "worked for" Defendant (Am. Compl. ¶ 8.6), although he later clarifies that his role at Defendant was an independent contractor, not an employee (Am. Compl. ¶ 8.16). Plaintiff identifies the contractor for which he worked as "ITR." (Am. Compl. ¶ 9.19.) His services were terminated on May 17, 2013. (Am. Compl. ¶ 9.19.)

Plaintiff alleges that he has been a whistleblower in the area of Internet security for more than ten years. (Am. Compl. ¶¶ 8.10-.13.) He lists seventeen acts allegedly committed by Defendant in retaliation for his whistleblowing activities, such as the use of an employment test, withdrawal of an offer of full-time employment, a demotion, reduced work hours, not being invited to an after-work party, increased email surveillance, a changed email address, termination from employment, a missing SEC

---

[1] Plaintiff sued Target Corporation in a separate action, *Grimm v. Target Corp.*, Case No. 16-cv-2564 (DSD/KMM) (D. Minn. filed Aug. 1, 2016). The Honorable David S. Doty, United States District Judge, dismissed that action on February 6, 2017.

bounty application, filing a malicious police report, refusal to provide references, and terrorism. (Am. Compl. ¶¶ 9.1-.74.)

With particular respect to his termination on May 17, 2013, Plaintiff alleges that he had reported several violations of federal law and threatened to go to the FBI immediately before his services were terminated. (Am. Compl. ¶ 13.3.) The retaliatory violations of federal law that Plaintiff asserts Defendant committed before or at the time of his termination are: retaliation under 18 U.S.C. § 1513; illegal wiretapping under 18 U.S.C. § 2511; employment discrimination (harassment) pursuant to Title VII of the Civil Rights Act of 1964; age discrimination in violation of the ADEA; espionage and theft of trade secrets in violation of the Uniform Trade Secrets Act, 18 U.S.C. § 1832; unlawful seizure under the Fourth Amendment; conspiracy under 18 U.S.C. § 241; a civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violation; and fraud against shareholders by employing looters to lower stock prices. (Am. Compl. ¶¶ 14.1-.44.) The retaliatory acts that Plaintiff asserts Defendant committed after his termination are: calling the police when he attempted to contact Defendant's legal department, refusing to give him employment references, and causing his SEC bounty application to disappear. (Am. Compl. ¶¶ 15.1-.2.)

Defendant moved to dismiss the Amended Complaint in lieu of answering. Defendant argues that Plaintiff's allegations fail to state a claim for relief under either Sarbanes-Oxley or Dodd-Frank, that Plaintiff was never an employee of Defendant and thus is not entitled to protection under Sarbanes-Oxley, and that any putative age discrimination claim is time-barred and not administratively exhausted. If the Court

denies the motion to dismiss or grants Plaintiff leave to amend, Defendant asks that Plaintiff be required to provide a more definite statement of his claims.

### B. Standard of Review

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Generally, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint under the Rule 12(b)(6) standard. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). A court may make exceptions to this rule for matters of public record, materials "necessarily embraced by" the complaint, and exhibits submitted with the complaint. *Id.* (citations omitted).

### C. Sarbanes-Oxley Claim

Sarbanes-Oxley prohibits public companies from retaliating against employees for whistleblowing or engaging in other protected activity. 18 U.S.C. § 1514A(a). A

4

publicly-traded company is prohibited "from discharging an employee in retaliation for providing information to a supervisor or another person in the company with investigative authority about 'any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C.] section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.'" *Beacom v. Oracle Am., Inc.*, 825 F.3d 376, 379 (8th Cir. 2016) (quoting 18 U.S.C. § 1514A(a)(1)(C)). The statutory violations listed in § 1514A(a)(1) are mail fraud (§ 1341), wire fraud (§ 1343), bank fraud (§ 1344), and securities fraud (§ 1348).

### 1. Plaintiff's Employment Status

An "employee," for purposes of Sarbanes-Oxley, is "an individual presently or formerly working for a covered [company], an individual applying to work for a covered [company], or an individual whose employment could be affected by a covered [company]." 29 C.F.R. § 1980.101(g). In *Lawson v. FMR LLC*, the Supreme Court held that § 1514A "shelters employees of private contractors and subcontractors, just as it shelters employees of the public company served by the contractors and subcontractors." 134 S. Ct. 1158, 1161 (2014). The Court based its holding on the plain language of § 1514A, but identified other considerations such as the nature of mutual fund companies, the overarching goal of the statute, and legislative history that supported its decision. *Id.* at 1161, 1165, 1169-72.

Defendant argues Plaintiff, as an independent contractor, was not an "employee" for purposes of Sarbanes-Oxley. It attempts to distinguish *Lawson* on the basis of the

5

secondary considerations, asserting that *Lawson*'s concerns with the structure of mutual funds, accounting irregularities, and fulfillment of the statute's purpose are not present here. These distinctions, even if true, are inconsequential. The *Lawson* Court clearly and unequivocally based its holding on the plain text of the statute, and Plaintiff is entitled to the protections of § 1514A(a).

### 2. Elements of a Sarbanes-Oxley Retaliation Claim

The prima facie elements of a Sarbanes-Oxley retaliation claim are that: "(1) [an employee] engaged in protected activity; (2) his employer knew he engaged in protected activity; (3) he suffered an adverse employment action; and (4) the protected activity was a contributing factor in the adverse action." *Beacom v. Oracle Am., Inc.*, 825 F.3d 376, 379 (8th Cir. 2016). With respect to the employee's protected activity, "Sarbanes-Oxley requires the employee to hold a reasonable belief that the employer's conduct amounts to fraud against the shareholders." *Beacom*, 825 F.3d at 380. This requirement has objective and subjective components: "The employee must subjectively believe the employer's conduct violated a law relating to fraud against shareholders, and the employee's belief must be objectively reasonable." *Id.* It is immaterial whether the employer's conduct actually constituted fraud or a securities violation, as long as the employee reasonably believe[d] it did. *Id.*

Most of the violations alleged by Plaintiff do not qualify as protected activity under § 1514A(a)(1), namely, retaliation under 18 U.S.C. § 1513 or 15 U.S.C. § 78u-6; employment discrimination; age discrimination; the Uniform Trade Secrets Act; the Fourth Amendment; and RICO. Thus, he cannot maintain a Sarbanes-Oxley claim of

6

retaliation based on that alleged conduct.

Plaintiff does allege, however, that he reported illegal wiretapping which he claims was a violation of 18 U.S.C. § 2511. Specifically, he contends that Defendant conducted surveillance on Plaintiff's emails and changed his email address to prevent him from communicating with others. But Plaintiff has not alleged an objectively reasonable belief that Defendant engaged in wire *fraud*, that is, that Defendant's conduct was in furtherance of a scheme to steal money or property through false pretenses, as required to plausibly plead wire fraud. *See Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 (2d Cir. 2014). Nor has Plaintiff demonstrated that it would be objectively reasonable to believe that the relatively trivial conduct complained of constituted wire fraud. *See id.* Most critically, Plaintiff has not alleged facts to support a reasonable inference that the alleged wire fraud amounted to fraud against Defendant's shareholders, as required by § 1343. Thus, Plaintiff's allegations of wire fraud do not support his Sarbanes-Oxley claim of retaliation.

Plaintiff also alleges that after he reported insider trading to the SEC, his application for an SEC bounty disappeared. It is conceivable that this conduct, if adequately pleaded, could fall within § 1514A(a), but Plaintiff alleges that Accenture, not Defendant, committed this act.

Finally, Plaintiff alleges he reported to the SEC that Defendant was committing fraud against shareholders by employing looters to lower stock prices. Specifically, Plaintiff alleges that after Defendant "announced it was removing 2000 loss personnel from its stores nationwide," Plaintiff learned from his son, who worked at another Best

7

Buy store, that "that looters were brazenly walking out with laptops, and employees were ordered not to stop them." (Am. Compl. ¶ 14.40.) This affected store profits, according to Plaintiff, which Plaintiff believed was a purposeful attempt to lower profits and Defendant's stock price, which in turn allowed Defendant's management to grant themselves stock options at a lower price. (Am. Compl. ¶¶ 14.41-.42.)

Defendant contends that Plaintiff's belief is not objectively reasonable, and the Court agrees. First, Plaintiff alleges that he based his belief on a conversation he had with his son. A belief based on a rumor or a "snippet of conversation," however, is not objectively reasonable. *See Bechtel v. Competitive Tech., Inc.*, 2005-SOX-00033, 2005 WL 3179589, at *30-32 (U.S. Dep't of Labor Oct. 5, 2005). Second, Plaintiff's assertion that Defendant's failure to stop looters at a single store affected Defendant's stock price is speculative and does not satisfy the reasonable belief standard. *See In re Reed v. MCI, Inc.*, ARB Case No. 06-126, 2008 WL 7835840, at *3 (U.S. Dep't of Labor Apr. 30, 2008).

Even if Plaintiff had adequately alleged protected activity, he has not sufficiently alleged that the protected activity (other than wire fraud) was a contributing factor to an adverse employment action. Plaintiff avers that Defendant changed his email address and increased surveillance of his emails because he reported conduct such as the improper use of an employment test, age discrimination, a withdrawn offer of full-time employment, a demotion, and a reduction in work hours, not because he engaged in any activity protected by § 1514A(a). As to the alleged wire fraud, Plaintiff avers that he was terminated after he sent an email to Defendant's management on May 17, 2013, in which

8

he reported a change in his email address. But he does not allege any facts to support a finding that he was terminated because of his application for an SEC bounty or his report to the SEC that Defendant was committing fraud against shareholders or because of a report to his supervisors of such activities.

For the above reasons, the Court recommends that Plaintiff's Sarbanes-Oxley claim be dismissed pursuant to Rule 12(b)(6). The Court further recommends that dismissal be with prejudice because the Court cannot "conceive of any set of facts under which [Plaintiff] would be entitled to relief." *See McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009). The Court has considered the new allegations and evidence submitted with Plaintiff's opposition memorandum, but none of those allegations or evidence would alter the Court's findings or conclusions.

### D. Dodd-Frank Claim

The Dodd-Frank Act "establishe[d] a corporate whistleblowing reward program, accompanied by a new provision prohibiting any employer from retaliating against 'a whistleblower' for providing information to the SEC, participating in an SEC proceeding, or making disclosures required or protected under Sarbanes-Oxley and certain other securities laws." *Lawson*, 134 S. Ct. at 1174 (citing 15 U.S.C. § 78u-6(a)(6), (b)(1), (h)). The prohibition on retaliation includes a private right of action for aggrieved whistleblowers. *See* 15 U.S.C. § 78u-6(h)(1)(B)(i). Where Sarbanes-Oxley's protection covers employees who provide information to their supervisors as well as authorities, "Dodd-Frank's whistleblower provision . . . focuses primarily on reporting to federal authorities." *Lawson*, 134 S. Ct. at 1175. To plead a valid claim for retaliation under

9

Dodd-Frank, Plaintiff must allege that: (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) there was a causal connection between the adverse action and the protected activity. *Hall v. Teva Pharm. USA, Inc.*, No. 15-cv-61536-BLOOM/Valle, 2016 WL 5661630, at *5 (S.D. Fla. Sept. 30, 2016) (citations omitted).

Defendant argues that Plaintiff fails to state a clam under Dodd-Frank because he has not alleged an adverse action that was attributable to a report to the SEC. Plaintiff bases his Dodd-Frank claim on alleged reports Plaintiff made to the SEC *after* Defendant terminated Plaintiff's services. Thus, Plaintiff cannot show either that he suffered an adverse employment action or that any adverse action was causally connected to the protected activity. To the extent Plaintiff bases his Dodd-Frank claim on "making disclosures that are required or protected under [Sarbanes-Oxley]," 15 U.S.C. § 78u–6(h)(1)(A)(iii), the Court has already found that Plaintiff did not make such a disclosure. The Dodd-Frank claim should be dismissed accordingly and, as with Plaintiff's Sarbanes-Oxley claim, the Court recommends that it be dismissed with prejudice.

### E. Potential ADEA Claim

The Court does not construe the Amended Complaint, as presently worded, as including an ADEA claim, but understands that Plaintiff may seek leave to amend the Amended Complaint to bring such a claim. Defendant argues that any such claim would be time-barred and unexhausted, and thus futile. Plaintiff concedes that he did not file a

charge with the EEOC,[2] but after the hearing on the motion to dismiss, Plaintiff filed a "Motion to Toll EEOC Statute of Limitations" [Doc. No. 47]. As set forth fully in Part II *infra*, any ADEA claim would be time-barred due to Plaintiff's failure to exhaust administrative remedies, and there are no grounds to toll or waive the limitations period.

### F. Defendant's Request for More Definite Statement

Because Plaintiff's Sarbanes-Oxley and Dodd-Frank claims should be dismissed, and any ADEA claim would be time-barred, there is no reason to require a more definite statement. The Court therefore recommends that this aspect of Defendant's motion be denied as moot.

## II. Plaintiff's Motion to Toll EEOC Statute of Limitations

Plaintiff moves to toll the deadline for filing a discrimination charge with the EEOC so that he may bring a claim of age discrimination under the ADEA. He does not dispute that, absent tolling, his age discrimination claim against Defendant would be barred by 29 U.S.C. § 626(d)(1). Plaintiff ceased providing services to Defendant as an independent contractor on May 17, 2013, and he has never filed a charge with the EEOC.

Under § 626(d)(1), "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed

---

[2] Plaintiff apparently did file a charge with the Minnesota Department of Human Rights ("MDHR"). (Schmid Aff. Ex. 4 [Doc. No. 18-3].) The Court may consider the February 24, 2014, no-probable-cause order as a matter of public record. To the extent Plaintiff intends to bring an age discrimination claim pursuant to the Minnesota Human Rights Act ("MHRA"), the MHRA requires a plaintiff to "bring suit within 45 days of notice of dismissal of the [charge of age discrimination] by the MDHR." *McKenzie v. Lunds, Inc.*, 63 F. Supp. 2d 986, 1002 (citations omitted); Minn. Stat. § 363A.33, subd. 1. That imitations period expired years ago. Thus, any MHRA claim would be time-barred.

with the Equal Employment Opportunity Commission." Under § 626(d)(1)(B), the EEOC charge must be filed "within 300 days, if the alleged unlawful employment practice occurred 'in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice.'" *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009). Filing an EEOC charge is a prerequisite for bringing an ADEA claim in federal court, *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005), although the requirement may be waived, estopped, or tolled. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

"The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (quoting *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006)). "A plaintiff must show the following to establish a need for equitable tolling: (1) diligence in pursuit of the claim; and (2) extraordinary circumstances that stood in the way." *Thompson v. Nat'l Credit Adjusters, LLC*, No. Civ. 10-2307 (SRN/FLN), 2011 WL 6003955, at *2 (D. Minn. Nov. 30, 2011) (citing *Firstcom*, 555 F.3d at 675).

As grounds for tolling, Plaintiff argues that he "first learned" of the statutory requirement for filing a charge of discrimination on February 6, 2017, when his claims were dismissed in *Grimm v. Target Corp.*, Civ. No. 16-2564 (DSD/KMM) (D. Minn. Feb. 6, 2017). (Pl.'s Mem. Supp. Mot. Toll at 4 [Doc. No. 49].) But a party's ignorance of a limitations period does not constitute grounds for equitable tolling. *See Larson v.*

*Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979) ("[I]gnorance of legal rights does not toll a statute of limitations."). Plaintiff's ignorance of the statutory requirement for filing a charge of discrimination does not provide a basis for equitable tolling.

Plaintiff also seeks to toll the filing requirement based on a 2008 letter from the EEOC, in which the EEOC identified Plaintiff's former employer as "Charter Transit Services, Inc.," rather than "Charter Solutions, Inc." (Pl.'s Mem. Supp. Mot. Toll at 7; Pl.'s Aff. Ex. 4 [Doc. No. 25-1].) Plaintiff believes the EEOC purposely misstated the name of the company to shield it from the charge of discrimination. When Plaintiff attempted to report the EEOC's "crimes" to the FBI, he asserts, FBI agents "ransacked" his car. (Pl.'s Mem. Supp. Mot. Toll at 8-9.)

Even if true, these allegations do not provide a basis for equitable tolling. Neither the EEOC's alleged misidentification of Plaintiff's employer in another, prior case nor the FBI's alleged misconduct prevented Plaintiff from knowing or complying with the EEOC filing requirement. Indeed, Plaintiff clearly knew of the requirement and demonstrated an ability to comply with it, given his earlier filing of a charge with the EEOC. Plaintiff has not shown that the EEOC intentionally misnamed the responding party in his earlier charge or that he suffered any prejudice as a result, and the EEOC's letter was written five years before Plaintiff's services were terminated on May 17, 2013. There is no connection between "Charter Transit Services, Inc." or "Charter Solutions, Inc." and Defendant. Plaintiff's belief that the FBI "ransacked" his car is pure speculation, based solely on his belief that agents did "stupid, incompetent things like bumping my rear view mirror way out of alignment." (Pl.'s Mem. Supp. Mot. Toll at 9.)

Plaintiff's mistrust of the EEOC or the FBI, even if genuine, does not constitute grounds to toll or waive the requirement to file a charge of age discrimination with the EEOC. The Court recommends that the motion to toll be denied.

### III. Plaintiff's Motion to Defer Dispositive Judgment

Plaintiff moves to defer dispositive judgment so that the case may proceed to a jury trial. Because Plaintiff has not alleged any plausible claims, however, he is not entitled to a trial, and his motion should be denied. *See Grimm v. Target Corp.*, No. 16-cv-2564 (DSD/KMM), 2017 WL 481455, at *5 (D. Minn. Feb. 6, 2017).

### IV. Plaintiff's Motion to Disclose Authorization of Surveillance

Plaintiff asks the Court to disclose to him whether any state or federal judge in the United States has ever authorized any surveillance of him. Plaintiff cites 18 U.S.C. § 1512(b)(3) in support of his request. That statute defines the crime of witness tampering, however, and has no relevance here. Other than § 1512(b)(3), Plaintiff cites no authority in support of his request, and the Court is not aware of any law or rule that would require it to gather and provide this information. *See Grimm v. Target Corp.*, No. 16-cv-2564 (DSD/KMM), slip op. at 1 (D. Minn. Nov. 28, 2016), ECF No. 37 (denying similar motion).

Accordingly, based on the above and all the files, records, and proceedings herein,
**IT IS HEREBY RECOMMENDED** that:

1. Defendant Best Buy Co., Inc.'s Motion to Dismiss for Failure to State a Claim or, in the Alternative, for a More Definite Statement [Doc. No. 15]

be **GRANTED** as to dismissal and **DENIED AS MOOT** as to a more definite statement;

2. All claims be **DISMISSED WITH PREJUDICE**;

3. Plaintiff Ivan J. Grimm's Motion to Defer Dispositive Judgment [Doc. No. 29] be **DENIED**;

4. Plaintiff Ivan J. Grimm's Motion to Disclose Authorization of Surveillance [Doc. No. 37] be **DENIED**; and

5. Plaintiff Ivan J. Grimm's Motion to Toll EEOC Statute of Limitations [Doc. No. 47] be **DENIED**.

Dated: April 19, 2017

  s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.