**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Ivan J. Grimm,                                      Civil No. 16-1258 (DWF/HB)

           Plaintiff,

v.                                                  **ORDER ADOPTING REPORT
                                                      AND RECOMMENDATION**

Best Buy Co., Inc.,

           Defendant.

           This matter is before the Court upon Plaintiff Ivan J. Grimm's ("Plaintiff") objections (Doc. Nos. 74, 75) to Magistrate Judge Hildy Bowbeer's April 19, 2017 Report and Recommendation (Doc. No. 55) insofar as it recommends that: (1) Defendant Best Buy Co., Inc.'s Motion to Dismiss for Failure to State a Claim or, in the Alternative, for a More Definite Statement be granted as to dismissal and denied as moot as to a more definite statement; (2) all claims be dismissed with prejudice; (3) Plaintiff's Motion to Defer Dispositive Judgment be denied; (4) Plaintiff's Motion to Disclose Authorization of Surveillance be denied; and (5) Plaintiff's Motion to Toll EEOC Statute of Limitations be denied. Defendant Best Buy Co., Inc., filed a response to Plaintiff's objections on May 16, 2017. (Doc. No. 81.)

           The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections. In the Report and Recommendation, the Magistrate Judge recommended that: (1) Plaintiff's Sarbanes-Oxley claim be dismissed for failure to state

a claim with prejudice because the court could not conceive of any set of facts under which Plaintiff could be entitled to relief; (2) Plaintiff's Dodd-Frank claim be dismissed with prejudice for failure to state a claim; (3) any ADEA claim would be time-barred due to Plaintiff's failure to exhaust administrative remedies and because there are no grounds to waive the limitations period; (4) Defendant's motion for a more definite statement is moot; (5) Plaintiff has not alleged a basis for equitable tolling of the EEOC statute of limitations; (6) because Plaintiff has failed to allege a plausible claim, Plaintiff is not entitled to a trial and his motion to defer dispositive judgment is moot; and (7) Plaintiff has failed to provide authority to support his request that the Court disclose whether any state or federal judge has authorized surveillance of him.

Plaintiff has submitted objections to the Report and Recommendation. It appears that Plaintiff objects on the following grounds: (1) the Magistrate Judge confused his claims; (2) the Magistrate Judge erred in concluding that he failed to state a claim under the Sarbanes-Oxley Act; (3) the Magistrate Judge failed to consider all evidence; (4) the Magistrate Judge erred in concluding that his ADEA claim was time-barred and not subject to equitable tolling; and (5) that the Magistrate Judge erred in concluding that Plaintiff failed to state a claim under Dodd-Frank.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The Court finds no reason that would warrant a departure from the Magistrate Judge's recommendation. In addition, Plaintiff has filed a Motion for

Declaration of Mistrial wherein he seeks a mistrial, or in the alternative, for the assigned judge and magistrate to remove themselves and void all their rulings. (Doc. No. 83.) There having been no trial in this action, this motion is without merit. In addition, Plaintiff has not set forth a legitimate basis for recusal. Accordingly, this motion is denied.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff Ivan J. Grimm's objections (Doc. Nos. 74, 75]) to Magistrate Judge Hildy Bowbeer's April 19, 2017 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Hildy Bowbeer's April 19, 2017 Report and Recommendation (Doc. No. [55]) is **ADOPTED**.

3. Defendant Best Buy Co., Inc.'s Motion to Dismiss for Failure to State a Claim or, in the Alternative, for a More Definite Statement (Doc. No. [15]) is **GRANTED** as to dismissal and **DENIED AS MOOT** as to a more definite statement.

4. All claims are **DISMISSED WITH PREJUDICE**.

5. Plaintiff Ivan J. Grimm's Motion to Defer Dispositive Judgment (Doc. No. [29]) is **DENIED**.

6. Plaintiff Ivan J. Grimm's Motion to Disclose Authorization of Surveillance (Doc. No. [37]) is **DENIED**.

7. Plaintiff Ivan J. Grimm's Motion to Toll EEOC Statute of Limitations (Doc. No. [47]) is **DENIED**.

8. Plaintiff Ivan J. Grimm's Motion for Declaration of Mistrial (Doc. No. [83] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 30, 2017
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge